BERKELEY v. DUSENBERRY et al.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

BANKRUPTCY (§ 390*) — FILING OF PETITION IN BANKRUPTCY — EFFECT ON PENDING ACTION BY BANKRUPT.

    Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), does not require that the prosecution of an action by one suing for professional services shall be stayed on the filing of a petition of bankruptcy against him, until the dismissal of the petition or until the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appointment of a trustee in bankruptcy, in the absence of a showing of special reasons therefor.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 390.*]

Appeal from Trial Term, New York County.

Action by Lancelot M. Berkeley against Frank M. Dusenberry and another. From an order denying a motion to set case down for trial, defendants appeal. Reversed, and motion remitted.

See, also, 128 N. Y. Supp. 1113.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Max D. Steuer, for appellants.

L. M. Berkeley, in pro. per.

SCOTT, J. The defendants appeal from an order at Trial Term denying their motion to place this cause upon the day calendar for trial, and staying all proceedings therein. The defendants are the executors of one Sarah J. H. Choate, deceased, and are being sued by plaintiff, a lawyer, for a considerable sum of money claimed to be due for services rendered in and about the business of said estate. It appears that the winding up of the estate is held up during the pendency of the action. The defendant Bushby, formerly a partner of plaintiff, has filed a petition in bankruptcy against him. Plaintiff has answered, and the issues raised by the petition and answer have been referred to a master, before whom the matter is now pending. No adjudication of bankruptcy has been made, and, of course, no trustee has been appointed.

The plaintiff insists that the pendency of the bankruptcy proceedings against him requires, of necessity, that the action be stayed until either the petition against him be dismissed, or a trustee of his property is appointed, who can determine whether to prosecute this action or abandon it. The argument is that upon the filing of the petition in bankruptcy the plaintiff became civiliter mortuus, so far as concerns the prosecution or defense of suits at law. This is undoubtedly true, so far as regards actions against him founded upon claims from which a discharge would be a release. Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426). It is also true of any action against him, which might result in diminishing the estate which will come into the hands of his trustee when appointed. But the letter of the bankruptcy act does not prohibit the prosecution of actions in behalf of the bankrupt the result of which will be, if successful, to enhance his estate; nor has the industry of counsel found any authority to the effect that the filing of a petition in bankruptcy, alone, is a sufficient reason for staying, on the motion of the alleged bankrupt, an action in which he is plaintiff. Nor do we consider such a case to be within the reason of the law, as it is clearly not within its letter. There may be cases, of course, in which, for special reasons, the prosecution even of an action in which the alleged bankrupt is plaintiff should be stayed until the appointment of a trustee; but the present case does not present any such reasons.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion remitted to Trial Term, to set the cause down for trial. All concur.